■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS LEWIS, Also Known as PANAMA LEWIS, Appellant.— Judgment of the Supreme Court, New York County (Eugene Nardelli, J.), rendered October 27, 1986, convicting defendant, after a jury trial, of two counts of assault in the second degree, conspiracy in the fifth degree, tampering with a sports contest in the second degree, and criminal possession of a weapon in the fourth degree and sentencing defendant to terms of 2 to 6 years for each assault counts, concurrent with one-year terms for each of the remaining counts, unanimously affirmed.

This conviction arose out of a boxing match in Madison Square Garden in which defendant, a fight manager, in a conspiracy with the codefendant, his fighter, removed padding from the codefendant's boxing gloves resulting in serious injury to the eyes of the other fighter. The evidence established that defendant had made statements to various people indicating his intent to remove the padding from the gloves and was observed doing so. At the conclusion of the fighting match, the victim's father accidentally feeling codefendant's glove, became aware that the padding had been removed.

Defendant's guilt was established beyond a reasonable doubt by overwhelming evidence. On appeal, the only issue present

is defendant's contention that the court's instruction constituted, in effect, a directed verdict. Upon examination of the record we do not agree. The court did charge the jury, in effect, that a person may not use physical force in a combat by agreement if the combat is not specifically authorized by law, and that violation of the rules of the State Athletic Commission deprives the combat of its legality. The court then defined assault in terms of the fighter punching another with the knowledge that the padding had been removed, with intent to cause physical injury to that other person, and with physical injury resulting to that other person. The court further instructed the jury that if this proof was established beyond a reasonable doubt, then as a matter of law, the fighter lost his legal right to strike his opponent. However, the court never removed from the jury the issues of whether, in fact, defendant conspired in the removal of the padding, and had the intent to inflict serious physical injury on codefendant's opponent. Concur—Ross, J. P., Rosenberger, Asch, Kassal and Wallach, JJ.